IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CHRISTOPHER LAMAR OLTON, # 24106**                                        **PLAINTIFF**

**VERSUS**                        **CIVIL ACTION NO. 2:13cv96-KS-MTP**

**JOHNNIE DENMARK and MAE MCCARTY**                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Christopher Lamar Olton is incarcerated with the Mississippi Department of Corrections. He brings this action for damages alleging a wrongful Rule Violation Report ("RVR"), which resulted in an extra year's imprisonment. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

## BACKGROUND

According to the Complaint, Olton was issued an RVR on September 11, 2012. Along with others, he was charged with assaulting another inmate. Olton alleges that he is innocent and that even the victim denies that Olton was one of the attackers. He also claims that the three attackers and another eye witness were willing to testify that Olton was not involved. Nevertheless, he claims he was found guilty in spite of his actual innocence and without the opportunity to call these witnesses or to pursue a second step appeal. As a result, he contends he has to serve an extra year in prison and had to suffer a loss of privileges for two months. He eventually appealed to the Mississippi Supreme Court, which upheld the disciplinary decision on March 20, 2013.

Olton now files the instant action, asserting innocence and due process violations. He

seeks compensatory damages for the extra year he has to serve in prison.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Olton to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

Olton argues his RVR conviction and additional year in prison are illegal because he was innocent and denied due process. A Section 1983 claim that challenges the fact or duration of a state conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

2

declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "A 'conviction,' for purposes of *Heck*, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits." *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998). Where success on the § 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

The Supreme Court examined a similar case in *Edwards v. Balisok*, 520 U.S. 641 (1997). There the prisoner claimed that a prison disciplinary hearing was procedurally defective because he "was completely denied the opportunity to put on a defense through specifically identified witnesses who possessed exculpatory evidence." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997). The Court held this alone was enough to invalidate the RVR conviction. *Id.* at 647. Additionally, the prisoner complained that the hearing officer was biased. *Id.* Because the claims, if true, would necessarily invalidate the RVR, *Heck* barred the Section 1983 action. *Id.* at 648.

Here, Olton likewise claims he was innocent and denied the opportunity to present defense witnesses. He also contends that, contrary to MDOC procedures, he was denied the opportunity to make a second step appeal in the Administrative Remedy Program. Success on these claims will necessarily invalidate his State RVR conviction. Therefore, they may only proceed if he proves the conviction has already been invalidated. As explained above, he admits that the RVR conviction still stands.

Because the RVR conviction has not yet been invalidated, Olton is precluded by *Heck*

from challenging it in this Section 1983 civil action at this time. The claims are dismissed with prejudice for failure to state a claim, until such time as he successfully has the State RVR conviction invalidated, via appeal, post conviction relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under 28 U.S.C. § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as the State Rule Violation Report conviction is invalidated. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 6th day of August, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE